

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| USAA CASUALTY INSURANCE COMPANY, | § § | |
| Plaintiff, | § § | |
| vs. | § § | |
| | § | Civil Action No. 3:23-02087-MGL |
| ROBYN BARKER, | § § | |
| Defendant. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION,
GRANTING PLAINTIFF'S PARTIAL MOTION TO DISMISS,
DISMISSING WITHOUT PREJUDICE DEFENDANT'S MOTION TO DISMISS,
AND DISMISSING WITHOUT PREJUDICE DEFENDANT'S MMWA AND
ATTORNEY FEE CLAIMS**

Plaintiff USAA Casualty Insurance Company (USAA) filed this action for declaratory judgment and injunctive relief arising out of an automobile insurance dispute against Defendant Robyn Barker (Barker). Barker, who is representing herself, counterclaimed for damages, fees and costs, and declaratory and injunctive relief under causes of action for gross negligence, bad faith, and a violation of the Magnuson-Moss Warranty Act (MMWA), 15 U.S.C. § 2310.

The matter is before the Court for review of the Report and Recommendation from the United States Magistrate Judge (Report), recommending the Court grant USAA's partial motion to dismiss Barker's MMWA and attorney fee claims and deny Barker's motion to dismiss.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on December 8, 2023. Barker filed both her reply regarding her motion to dismiss and objections to the Report on December 14, 2023. USAA replied on December 28, 2023. After that, the Court issued a text order based on Barker's apparent non-receipt of USAA's motion. Finally, on January 16, 2024, Barker responded to the text order to address the motion. USAA failed to reply.

In Barker's response to the text order, she acknowledges her MMWA claim is misplaced.

"[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845–46 (4th Cir. 1985).

Accordingly, in the absence of an objection, the Court will dismiss Barker's MMWA claim without prejudice.

Barker objects, however, to the Report's determination the Court should dismiss her claim for attorney fees. She posits she is entitled to recover for fees incurred prior to "this filing" for preliminary legal guidance, as well as any future representation she may seek.

Even if Barker were entitled to such fees, her answer and counterclaims fail to allege any facts she has or will incur them.  *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013) ("It is well-established that parties cannot amend their complaints through briefing[.]").

Thus, the Court will overrule this objection and dismiss Barker's counterclaim for attorney fees without prejudice.

Because USAA's motion sought dismissal of only Barker's MMWA and attorney fee claims, the Court will refrain from considering Barker's objections defending her other causes of action.

Next, Barker's objections regarding her motion to dismiss focus on USAA's purported lack of evidence to support its claims.  As the Magistrate Judge determined, these arguments are better presented at the summary judgment stage of this case.  Therefore, the Court will overrule these objections, as well, and dismiss without prejudice Barker's motion to dismiss.

Because this issue is dispositive, the Court need not consider Barker's other objections regarding her motion to dismiss.  *See Karsten v. Kaiser Found. Health Plan of Mid-Atlantic States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest *dicta.*").

Finally, Barker's filings raise other issues, such as purported ethical violations by USAA's counsel.  The Court has reviewed these allegations and finds them to be unsupported.  She also requests a status hearing, which the Court deems unnecessary at this time.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Barker's objections, adopts the Report to the extent it does not contradict this order, and incorporates it herein.  Therefore, it is the judgment of the Court USAA's

partial motion to dismiss Barker's MMWA claim and claim for attorney fees is **GRANTED** and Barker's motion to dismiss is **DISMISSED WITHOUT PREJUDICE**.  Barker's counterclaims under the MMWA and for attorney fees are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed this 12th day of February 2024, in Columbia, South Carolina.

<u>s/ Mary Geiger Lewis</u>
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.