

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| USAA CASUALTY INSURANCE COMPANY, | § § | |
| Plaintiff, | § § | |
| vs. | § § | Civil Action No. 3:23-2087-MGL |
| ROBYN BARKER, | § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AS TO HER COUNTERCLAIM FOR DECLARATORY RELIEF**

**I.     INTRODUCTION**

Plaintiff USAA Casualty Insurance Company (USAA) filed this action for declaratory judgment and injunctive relief arising out of an automobile insurance dispute against Defendant Robyn Barker (Barker). The Court has jurisdiction over this matter as per 28 U.S.C. § 1332.

Pending before the Court is Barker's motion for summary judgment as to her counterclaim for declaratory relief. Also pending before the Court is USAA's cross-motion for summary judgment as to Barker's counterclaim, which the Court will construe as a response. Having carefully considered the motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court Barker's motion will be granted.

## II.  FACTUAL AND PROCEDURAL HISTORY

In 2021, USAA issued a personal automobile insurance policy (the Policy) to Barker.  The Policy insured two vehicles, one of which was a 2016 McLaren convertible (the McLaren).  During the policy period, Barker's husband was rear-ended while driving the McLaren.  The liability carrier of the at-fault driver paid Barker $100,000.00 for property damage to the McLaren.

Although USAA tendered Barker the full underinsured motorist property damage limit of $50,000.00, Barker later made a claim for collision coverage.  When the parties were unable to agree on an amount of loss, Barker invoked the Policy's appraisal provision, which states:

> If [USAA] and [Barker] do not agree on the amount of loss, either may demand an appraisal.  In this event, each party will select a competent appraiser.  The two appraisers will select an umpire.  The appraisers will state separately the actual cash value and the amount of loss.  If they fail to agree, they will submit their differences to the umpire.  A decision agreed to by any two will be binding.

Policy at Part D (emphasis omitted).  Under this provision, the appraisal umpire "concluded a fair and reasonable total loss value settlement . . . in the amount of $201,356.50[,]" Umpire Service Final Award Decision at 1, and USAA's appraiser agreed.

USAA thereafter sent Barker a check for $101,881.50—the $201,356.50 appraisal value, plus $525.00 in taxes and fees, set off by the $100,000.00 Barker already received from the at-fault driver's liability carrier.  In exchange, USAA requested a salvage title and possession of the McLaren.

Barker refused to transfer title or relinquish the vehicle, so USAA filed this action for declaratory and injunctive relief.  USAA asks the Court to "declare that USAA owes no additional coverage under the Policy and is entitled to injunctive relief for possession of the . . . McLaren and the vehicle's salvage title[.]"  Complaint at 6.

After mediation, the parties came to a full resolution of all monetary claims and agreed the Court should decide whether the McLaren constitutes a total loss under South Carolina law.  Barker

therefore filed a counterclaim for declaratory relief, asserting the McLaren fails to constitute a total loss. Then, at some point, the parties evidently drafted a settlement proposal. As is relevant here, the settlement proposal, which is unsigned, states:

> [T]he parties will submit the issue of whether the . . . McLaren was a total loss to the Court for a ruling. The parties will abide by the ruling of the Court[,] and it shall be the responsibility of the Defendant, Robyn Barker, to submit the Order of the Court to the South Carolina Department of Motor Vehicles, if necessary, for a waiver of a salvage/branded title.
>
> . . . .
>
> The Defendant, Robyn Barker, shall agree to dismiss with prejudice any and all allegations asserted in the Answer and Counter-Claims, with the exception of the allegations asserted [therein] on the issues of whether the vehicle was a total loss and if so, what the actual cash value of the vehicle was at the time of the loss, which issues will be determined by the Court.

Settlement Proposal ¶¶ 3, 5.

Barker later filed this motion for summary judgment as to her counterclaim. USAA responded, and Barker replied. The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

### III.    STANDARD OF REVIEW

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed, and all justifiable inferences must be drawn in his or her favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The moving party has the burden of proving summary judgment is appropriate. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party makes this showing, the opposing party may not rest upon mere allegations or denials but rather must, by affidavits or other

3

means permitted by Rule 56, set forth specific facts showing there is a genuine issue for trial. *Id.* at 323; *see also* Fed. R. Civ. P. 56.

A party asserting a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A). A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). Thus, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995) (citing *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987)).

"[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986)). "Summary judgment is proper only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987) (first citing *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); and then citing *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir.1950)). Accordingly, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

IV.     **DISCUSSION AND ANALYSIS**

Barker requests the Court declare the McLaren fails to constitute a total loss, rendering a salvage title unnecessary. She relies on a third-party appraisal, which states the vehicle had an actual cash value of $258,900.00 before the accident.

USAA "takes no position on whether [the loss] amount requires . . . a salvage title for the McLaren." USAA's Response at 3. But, USAA maintains the Policy binds the parties to the loss amount determination of the umpire, rather than Barker's third-party appraisal. USAA further "requests . . . the Court require [Barker]'s performance of her portion of the settlement [proposal]." *Id.* at 4.

Under South Carolina law, a vehicle is a total loss where "the cost of repairing the motor vehicle, including both parts and reasonable market charges for labor, equal[s] or exceed[s] seventy-five percent of the fair market value of the motor vehicle." S.C. Code Ann. § 56-19-480(G).

The Court will first determine the fair market value of the McLaren.

As the Court noted above, USAA's appraiser agreed to the appraisal umpire's decision the McLaren had a pre-accident fair market value of $201,356.50. Barker presents a third-party appraisal indicating the McLaren had a higher value of $258,900.00. But, Barker is unable to escape the plain language of the Policy, which binds her to the appraisal umpire's valuation. *See* Policy at Part D (explaining a decision agreed to by the appraisal umpire and one of the parties' appraisers will be binding). The Court thus finds the parties are bound by the appraisal umpire's decision.

Next, the Court will consider whether the McLaren is a total loss under S.C. Code Ann. § 56-19-480(G).

5

Barker claims she has spent approximately $119,557.83 on repairs to the McLaren. She submits itemized receipts, however, reflecting just $93,459.30 in post-accident repairs. Even if the Court accepts Barker's highest figure, $119,557.83 represents only 46.4% of the McLaren's $201,356.50 fair market value. Accordingly, the Court agrees with Barker the McLaren fails to constitute a total loss under S.C. Code Ann. § 56-19-480(G).

Finally, although USAA requests the Court order Barker to perform her obligations under the settlement proposal, the Court declines to do so, as the proposal appears to be unsigned by either the parties or the mediator. Moreover, the Court is confident the parties can and will exercise good faith in complying with their obligations under any final, and properly executed, settlement agreement. And, it is improper for the Court to order one to do something the law already requires them to do. *See Sec. & Exch. Comm'n v. Warren*, 583 F.2d 115, 121 (3d Cir. 1978) (affirming the district court's decision to dissolve an injunction that "merely require[d] defendants 'to obey the law' in the future . . . , a requirement with which they must comply regardless of the injunction").

V.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Barker's motion for summary judgment is **GRANTED** as to her counterclaim for declaratory relief.

**IT IS SO ORDERED.**

Signed this 23rd day of June 2025, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE